FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 2 6 2013

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

SAFA JABIL ALFOAADY,

    Plaintiff,

2:13-cv 29 JLH -NI

Vs.

WILL TRANSPORT INC., AND RICHARD LEE REID, Jointly or Severally,

    Defendants.

This case assigned to District Judge Holmes
and to Magistrate Judge Kearney

| JOSEPH DEDVUKAJ (P51335) | DANNY W. GLOVER Bar#93119 |
|---|---|
| Attorney Pro Hac Vice for Plaintiff | Attorney for Plaintiff |
| 1277 West Square Lake Road | P.O. Box 844 |
| Bloomfield Hills, Michigan 48302 | Wynne, AR 72396 |
| Phone#(248) 352-2110 | Phone#(870) 238-2412 |
| Fax#(248) 352-0880 | Fax#(870) 238-2599 |
| Email: jdlawfirm@aol.com | Email: Dgloverfed@hotmail.com |

**There is a previous civil action arising out of the same transaction and occurrence filed and assigned Case#2:12CV00163-SWW.**

## COMPLAINT

Now Comes the Plaintiff, Safa Jabil Alfoaady, by and through his attorneys The Joseph Dedvukaj Firm, P.C., by Joseph Dedvukaj and for his complaint against the defendants, states:

1. Plaintiff is a resident of the County of Wayne, State of Michigan.

2. Defendant, Will Transport Inc (herein called "Will") is upon information and belief, is a corporation doing business in the State of Louisiana.

1

3. Defendant, Richard Lee Reid, is a resident of the State of Mississippi.

4. The incident occurred in St. Francis County, Arkansas, and this claim is otherwise within the jurisdiction of this court and exceeds the jurisdictional limit of $75,000.

5. Defendant Richard Lee Reid was at the time of the incident a commercial truck driver for Defendant Will.

6. Defendant Richard Lee Reid was acting within the course and scope of his employment at Will when he negligently caused plaintiff's injuries.

7. Defendant Will is directly and vicariously liable for plaintiff's injuries.

## COUNT I – NEGLIGENCE

8. Plaintiff incorporates by reference paragraph 1 – 7.

9. On October 22, 2010, at approximately 2:45 a.m., the plaintiff was traveling west on Interstate 40 in the left lane passing the defendant.

10. Defendant Richard Lee Reid was the operator of a 2001 Peterbilt Conventional Tractor-trailer bearing Louisiana Plate#191058.

11. At the time of the collision, Defendant Richard Lee Reid, was westbound on I-40 in the right lane when he suddenly and without warning improperly changed lanes, steering into the plaintiff's passenger side of the tractor, causing plaintiff to lose his steering.

12. Defendant Richard Lee Reid then hit plaintiff's trailer a second time by striking the rear of plaintiff's trailer when he was at a complete stop on the westbound shoulder of the I-40 highway.

13. At the time of the accident the weather was clear, dry and night.

14. Plaintiff is free of any fault.

15. Plaintiff was within the course and scope of his employment with Liberty Transportation, Inc.

16. On said date, the Defendants committed acts and omissions of negligence, which are based upon a violation of the Federal Motor Carrier Safety Regulations and statutes of the State of Arkansas, in the following manner:

a. Defendant improperly changed lanes in violation of § 40-6-48, before it was safe to do so;

b. Defendant failed to maintain control of her vehicle at all times;

c. Defendant failed to keep an assured clear distance;

d. Defendant failed to maintain an assured clear distance from plaintiff's tractor/trailer;

e. Defendants was going too fast for the road conditions to maintain control of the vehicle;

f. Defendant failed to keep a proper lookout and otherwise pay attention to the road ahead;

g. Defendant fell asleep at the wheel;

h. Reid and Will failed to comply with 49 C.F.R. Sec. 383-51, Sec. 383.31-37, 383.77 and 383.110-113 regarding Reid's commercial driver's license;

i. Reid and Will failed to comply with 49 C.F.R. Sec. 393.45, 393.47(e), and 393.53(b) regarding vehicle non-compliance;

j. Reid and Will failed to comply with 49 C.F.R. sec 391 regarding driver certification and qualifications;

k. Reid and Will failed to comply with 49 C.F.R. 382 requiring alcohol and drug testing;

l. Reid and Will failed to comply with 49 C.F.R. Sec 392.14 regarding the reduction of speed and use of extreme caution in hazardous conditions;

m. Reid and Will failed to comply with 49 C.F.R. sec. 392.3 regarding the driver operation of vehicle while ill or fatigued;

n. Reid and Will failed to complaint with 49 C.F.R. sec. 391.41 regarding driver's medical examination and certification;

o. Reid and Will failed to comply with 49 C.F.R. sec. 380.503 requiring driver mandated entry level training;

p. Reid and Will failed to comply with 49 C.F.R. sec. 395 requiring driver to comply with hours of service rules;

q. Reid and Will failed to comply with 49 C.F.R. sec. 395.8(e) and (k) driver failure to complete, failure to preserve, making false report of duty and retention;

r. Reid and Will failed to comply with 49 C.F.R. 396.3(a)(1) regarding the safe and proper operating condition at all times;

s. Reid and Will failed to comply with 49 C.F.R. 396.7 (a) regarding the operation of the commercial motor vehicle in such a condition as likely to cause an accident; and

t. Defendants may have been negligent in some other manner which discovery may show.

17. Defendant is also liable under the Arkansas owner's liability statute.

## DAMAGES

18. Plaintiff incorporates by reference paragraph 1 – 17.

19. Defendant's acts and omissions of negligence were a proximate cause of the plaintiff's injuries.

20. At the time of the motor vehicle collision, the plaintiff was 35 years old and in good general health.

21. Plaintiff's injuries constitute a serious impairment of an important bodily function which affected and continues to affect his ability to lead a normal life and serious permanent disfigurement.

22. Plaintiff's injuries, include but are not limited to, head; neck; back; C5-6 radiculopathy; vestibular dysfunction; C5-6 right paracentral/foraminal disc extrusion; right shoulder supraspinatus and infraspinatus tendinitis without rotator cuff tear and adhesive capsulitis; significant pitosis of the right upper eye lid; monocular diplopia secondary to astigmatism in his right eye; reconstructive neck surgery at C5-6 and C6-7 with anterior instrumentation with plate and screws and bone grafting; L4-5 radiculopathy; L4-5 anterior radical discectomy at L4-5 with interbody fusion at L4-5; right S1 radiculopathy; adjustment disorder with anxiety; pain disorder; myofascial pain syndrome, permanent residual impairment; and injuries to other parts of his body as well as other related and appreciable difficulties, injuries, or consequences that have occurred, developed, or aggravated any pre-existing problem which might existed.

23. Plaintiff has lost wage and his earning capacity in the past, present and future.

24. Plaintiff has also incurred economic expenses which exceed no-fault insurance reimbursement and defendant is responsible to pay ay differential in medical expenses, replacement services and wages loss. Plaintiff is also seeking past, present, and future economic losses consisting of same kind of economic damages.

Wherefore, the plaintiff, Safa Jabil Alfoaady, prays this Honorable Court will enter judgment against the Defendants, jointly or severally, and in favor of the plaintiff for an amount in excess of $75,000, deemed fair and just, and award attorney fees, costs, and interest so wrongfully incurred.

Respectfully submitted,

By: /s/ Danny Glover
    Danny W. Glover Bar#93119
    Attorney for Plaintiff
    P.O. Box 844
    Wynne, AR 72396
    Phone#(870) 238-2412
    Fax#(870) 238-2599
    Email: Dgloverfed@hotmail.com

THE JOSEPH DEDVUKAJ FIRM, P.C.

By: **/s/ Joseph Dedvukaj**
    Joseph Dedvukaj (P51335)
    Attorney for Plaintiff
    1277 West Square Lake Road
    Bloomfield Hills, Michigan 48302
    Phone#(248) 352-2110
    Fax#(248) 352-0880
    Email: jdlawfirm@aol.com

Dated: February 13, 2013